UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARL SWANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-10963-WGY |
| | ) |
| PLYMOUTH COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**July 15, 2021**

YOUNG, D.J.

For the reasons stated below, the Court orders that this action be DISMISSED without prejudice.

On June 7, 2021, state pretrial detainee Carl Swanson filed a document captioned as a "Habeas Corpus Complaint and Motions." In this document, he represents that he has been charged for indecent exposure and he claims that claims that that his bail is excessive. Swanson asks to be brought to federal court to argue his case. Between June 21, 2021 and July 12, 2021, Swanson filed ten additional documents regarding the pending criminal against him and conditions of confinement at Plymouth County Correctional Facility, where he is detained.

The Court will dismiss this action without prejudice on the ground of abstention. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state

courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). Under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.,* 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process" *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court would "needlessly inject" itself in a pending state proceeding if it were to consider whether Swanson's bail is excessive or there are other irregularities in his criminal proceeding. The Court has no reason to believe

that the Swanson will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

Accordingly, this action is DISMISSED without prejudice on the ground of *Younger* abstention.[1]

SO ORDERED.

                                        /s/ William G. Young
                                        WILLIAM G. YOUNG
                                        UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this order precludes Swanson from filing a separate non-habeas civil action concerning conditions of confinement. However, even if he is allowed to proceed *in forma pauperis* in a non-habeas civil action, he will be required to pay the $350 filing fee over time if he is in custody as a pretrial detainee or as a convicted prisoner. *See* 28 U.S.C. § 1915(b).